## Platt Estate

568

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

572

*William H. S. Wells,* of *Saul, Ewing, Remick & Saul,* for accountant.

*Sidney L. Wickenhaver,* of *Montgomery, McCracken, Walker & Rhoads,* for exceptants.

*Phillip A. Bregy, Mark Willcox* and *MacCoy, Evans & Lewis,* contra.

BOLGER, J., October 29, 1954.—In passing upon the correctness of the adjudication, we confirm its correctness for the reasons so clearly stated and so fully documented in the learned auditing judge's adjudication.

The language in dispute is "after the death of Mary E. Platt and Clara G. Canby and her children and the consequent termination of this trust, then the entire estate shall be divided among the lawful issue of such children of Clara G. Canby. . . ." "Issue" may have different connotations according to the particular context, heirs, descendents, children or grandchildren, but here any connotation would apply to the exceptants, the children of the children of Clara G. Canby. In Mayhew's Estate, 307 Pa. 84, where the court construed "issue", the question involved the right of living children to share with their parents. In the instant case the children are all of the same generation. We find nothing inherent in "issue" that requires a stirpital distribution, particularly where those entitled are of the same generation.

This gift, as in Rosengarten Estate, 349 Pa. 32, is a grant in words of a definite and technical meaning to the lawful issue of Clara G. Canby per capita. The exceptants have not overcome the burden of altering or changing this distribution. There is, therefore, no occasion to comment on the subject of broad testamentary intent. In Rosengarten's Estate, supra, not only were all of the incidents of the instant case present, but there were others much more persuasive, but all of them were rejected as being insufficient to overcome the conclusion that testator intended per capita distribution.

Most of the citations advanced by exceptants are inapt. In Conner's Estate (No. 2), 318 Pa. 150, the language involved a substitutionary gift in remainder. The court held that since the primary gift in remainder

was expressly per stirpes, it necessarily followed that testator intended the same devolution of the gift in dispute and not on " 'a basis or scheme of distribution distinct from the one already established' ": Conner's Estate, 318 Pa. 150, 155.

The rationale of this will is clear and intelligent. There is no doubt of testator's intention to distribute income per stirpes and principal per capita, both of which are respectively fair and equal. As pointed out so clearly in the adjudication, the construction sought by the exceptants would play havoc with this intention which is clearly expressed in the will.

The exceptions are dismissed and the adjudication is confirmed absolutely.